446 A.2d 899

**COMMONWEALTH of Pennsylvania**

v.

**Miguel Guzman MARTINEZ, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 13, 1982.

Decided June 25, 1982.

388

Charles B. Coleman, Reading (Court-appointed), for appellant.

Charles M. Guthrie, Asst. Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Miguel Guzman Martinez appeals from a judgment of sentence of six to twenty years' imprisonment imposed by the Court of Common Pleas of Berks County on a jury's verdict of guilty of murder of the third degree. Appellant challenges the sufficiency and weight of the evidence to sustain his conviction for murder of the third degree, his competency to stand trial, trial counsel's failure to raise an insanity defense, numerous trial court rulings and the severity of his sentence. As none of appellant's claims merits relief, we affirm.

Appellant was tried on a charge of murder generally for the shooting death on April 3, 1973, of Candida Candelaria, on the front porch of Mrs. Candelaria's home. Viewed in

the light most favorable to the Commonwealth as verdict winner, the evidence established that, approximately an hour before the offense, the victim's daughter overheard a telephone conversation between the victim and appellant in which appellant said that "he was going to go to [the victim's] house and hit [the victim] and put her in the hospital." Appellant arrived at the victim's home shortly after 4:00 p. m., and said to the daughter, "I just came here to kill your mother." Appellant then took a .38 caliber revolver from his car and fired several shots, killing the victim. After the shooting appellant argued with the victim's daughter and then drove to the home of a friend, a local constable. He gave the constable the gun and asked to be taken to the police department. Upon appellant's arrest, a .38 caliber live cartridge was found in his pants pocket during a pat down search of his person. After being taken into custody, appellant consented to a dermal nitrate test, which subsequently showed gunpowder patterns on his hands.

The defense introduced expert testimony that at the time of the offense appellant was suffering from hypertension and chronic alcohol abuse. Appellant testified that he had drunk several "shots" of whiskey and several beers during the morning and afternoon immediately preceding the shooting. In his testimony, appellant attributed the shooting to an accident. He said that, although he could not recall the shooting itself, he recalled having seen the daughter come out of the house carrying the revolver. The daughter pointed the gun at him, and he then grasped the daughter's hand to push the gun away. After the gun had discharged, shooting the victim, the daughter threw the gun to the ground. According to appellant, he picked up the gun and took it with him to the home of his friend, the constable.

■ Contrary to appellant's contention, the evidence was clearly sufficient to prove the elements of murder of the third degree beyond a reasonable doubt. Nor is the jury's verdict against the weight of the evidence. Direct and circumstantial evidence established that appellant had com-

mitted the killing and the requisite malice could properly have been inferred from appellant's use of a deadly weapon against a vital part of the victim's body. See, e.g., *Commonwealth v. Roberts*, 496 Pa. 428, 435–437 A.2d 948, 951–52 (1981) (citing cases).

The trial court's determination that appellant was competent to stand trial is fully supported by the record. It is well established that

"the test to be applied in determining the legal sufficiency of [a defendant's] mental capacity to stand trial . . . is . . . his ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense. See *Commonwealth v. Moon* [383 Pa. 18, 117 A.2d 96 (1955)], and *Commonwealth ex rel. Hilberry v. Maroney* [417 Pa. 534, 544, 207 A.2d 794, 799 (1965)]. Or stated another way, did he have sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding, and have a rational as well as factual understanding of the proceedings against him. See *Dusky v. United States*, 362 U.S. 402 [80 S.Ct. 788, 4 L.Ed.2d 824] (1960). Otherwise, the proceedings would lack due process: *Bishop v. United States*, 350 U.S. 961 [76 S.Ct. 440, 100 L.Ed. 835] (1956)."

*Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 495, 227 A.2d 159, 160 (1967). Accord, *Commonwealth v. Tyson*, 485 Pa. 344, 349, 402 A.2d 995, 997 (1979); *Commonwealth v. Davis*, 459 Pa. 575, 577–78, 330 A.2d 847, 848 (1975); *Commonwealth v. Kennedy*, 451 Pa. 483, 487–88, 305 A.2d 890, 892 (1973). It is equally well established that "the person asserting mental incompetence to stand trial has the burden of proving incompetency by a preponderance of the evidence." *Commonwealth v. Kennedy*, supra. Accord, *Commonwealth v. Davis*, supra. Moreover, "the determination of competency rests in the sound discretion of the trial court." *Commonwealth v. Ware*, 459 Pa. 334, 356, 329 A.2d 258, 269 (1974) (footnote omitted). The testimony of both the psychiatrist who testified for appellant and the psychiatrist who testified for the Commonwealth at the pretrial

hearing on appellant's competency provides ample basis for the trial court's finding that, notwithstanding appellant's cardiovascular problems and hypertension, appellant was capable of understanding the nature and objective of the proceedings against him and of cooperating with counsel in the presentation of his defense.

■ Appellant's allegation that his trial counsel was ineffective for failing to raise an insanity defense at trial is equally without support on the record. This claim, as well as two other claims of ineffective assistance of counsel, was raised in post-trial motions by present appellate counsel, who was appointed to represent appellant after the close of trial.[1] At an evidentiary hearing on these claims, trial counsel testified that, on the basis of a pretrial evidentiary hearing on the issue of appellant's criminal responsibility, she had concluded that an insanity defense would not be successful. Not only had the trial court concluded that "[t]he defendant knew the nature and quality of the acts which occurred on April 3rd, 1977, and knew that they were wrong and against the law," but also, in counsel's view, the Commonwealth had presented psychiatric testimony that, if presented at trial, would have seriously damaged an insanity defense.[2] On this

1. Appellant was represented at trial by counsel from the Public Defender's Office of Berks County. Subsequent to trial and before the completion of post-trial motion proceedings, counsel resigned from the Public Defender's Office and ceased to represent appellant. Present counsel, also from the Public Defender's Office, joined the office after trial counsel's resignation had become effective. This record demonstrates that, although appellant was entitled to be represented on his claims of ineffective assistance of counsel by counsel not associated with the office of his trial counsel, appellant has chosen to proceed on his claims of ineffective assistance with the representation of present counsel. See *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978).

2. Contrary to appellant's contention, the trial court acted within its discretion in crediting the testimony of Dr. Sadoff, the psychiatrist who testified on behalf of the Commonwealth at the pretrial hearing. Dr. Sadoff stated, in part:
   "My opinion is that in my examination and my review of all the tests, I find no evidence to indicate that he could not tell that what he was doing was wrong.
   .    .    .    .    .

record it is clear that counsel's decision to pursue defenses of intoxication and accidental death rather than an insanity defense, a decision with which appellant concurred at the time of trial, "had *some reasonable basis* designed to effectuate [her] client's interest." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original).[3]

■  Appellant's additional claims of error are similarly without merit.  At trial a foundation was laid for the introduction into evidence of the revolver and cartridges used at the time of the offense.  Contrary to appellant's position, this evidence was not inadmissible simply because

> I believe that he did [know the nature and quality of the act] in the sense that the nature of the act, to me, is taking the gun in hand, pointing it at another human being and shooting, knowing that there are bullets that can hit the other person.  That is the nature of the act.  The quality of the act is what is accomplished by such an act; that is that the other person will be severely hurt or killed, and I believe that he knew both the nature and quality of his act at the time he shot."

See generally *Commonwealth v. Hicks*, 483 Pa. 305, 396 A.2d 1183 (1979).

3.  The remaining claims of ineffective assistance concern trial counsel's failure to object to the court's instruction to the jury on the charge of voluntary manslaughter.  The court instructed the jury, in relevant part: "A person who kills an individual without lawful justification commits voluntary manslaughter if, at the time of the killing, he is acting under a sudden and intense passion resulting from serious provocation by the individual killed or by another whom the actor endeavors to kill, but negligently or accidentally causes the death of the individual killed."  As this instruction reflects the statutory requirements for voluntary manslaughter, 18 Pa.C.S. § 2503, appellant's claim that counsel should have objected to the reference to "serious provocation" is without merit.  Appellant's second claim is that counsel should have requested the court to instruct the jury to consider whether the victim had aroused sufficient passion in appellant to support a verdict of voluntary manslaughter.  The court did instruct the jury to consider whether the victim's daughter had seriously provoked appellant into sudden and intense passion, causing him to endeavor to kill the daughter but resulting in the negligent or accidental death of the victim.  In light of the dearth of evidence at trial regarding any provocation by the victim, counsel's failure to make such a request, as well as her failure to object to the court's comment that "there is no evidence at all that [the victim] did anything except be there," had a reasonable basis. See *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974).

the Commonwealth had not produced and identified the revolver and cartridges at the hearing on appellant's suppression motion, in which appellant had challenged the constitutionality of their seizure. The testimony presented at the suppression hearing of three Commonwealth witnesses regarding the circumstances under which the revolver and cartridges had been obtained was sufficient to satisfy the Commonwealth's "burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights." Pa.R. Crim.P. 323(h). See *Commonwealth v. Christman*, 432 Pa. 455, 247 A.2d 451 (1968) (printed text of confession not required for voluntariness hearing).

In permitting the Commonwealth to recall Detective Matz, a witness in the Commonwealth's case-in-chief, to rebut appellant's testimony regarding the manner in which the revolver was fired and appellant's state of intoxication, the court acted within its discretion to regulate the order for the presentation of evidence. See *Commonwealth v. Koch*, 446 Pa. 469, 288 A.2d 791 (1972). So, too, the court properly acted within its discretion in permitting Dr. Sadoff, the Commonwealth's psychiatric expert, to take into consideration not only his own examination of appellant but also the testimony of appellant and appellant's expert psychiatric witness in expressing an opinion on appellant's mental capacity at the time of the offense.[4]

Appellant's challenge to his sentence must also fail. The trial court's imposition of sentence, supported by a statement of reasons in accordance with *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), reflects a thorough consideration of appellant's character and record. See *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). In imposing a minimum sentence of six years' and a maximum

4. The trial court also acted within its discretion in giving a cautionary instruction to the jury, and refusing to grant a mistrial, when the prosecutor improperly assumed facts not in evidence in questioning a witness. The court's refusal to give all appellant's requests for charge to the jury was similarly within the court's discretion, as was the court's denial of appellant's request for daily transcripts.

sentence of twenty years' imprisonment, with credit of 990 days for time served, the court took into account not only the offense for which appellant was found guilty, but also appellant's age, poor physical health, psychiatric condition, absence of prior criminal record, and need for continued supervision during his recovery from alcoholism. The court's sound exercise of its discretion may not be disturbed.

Judgment of sentence affirmed.

NIX, J., concurs in the result.