# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0434, <u>State of New Hampshire v. Lorraine P. Lanciaux</u>, the court on March 29, 2018, issued the following order:**

Having considered the brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We vacate and remand.

The State appeals an order of the Superior Court (<u>Ignatius</u>, J.) dismissing the charge against the defendant, Lorraine P. Lanciaux, with prejudice. It contends that the trial court erred by dismissing the case and that it exceeded its authority by doing so with prejudice.

The defendant was subject to enhanced penalties on a charge of simple assault on a police officer while subject to a bail order. <u>See</u> RSA 597:14-b (2001); RSA 631:2-a (2016); RSA 651:6 (2016). She refused to appear at the arraignment, refused appointment of counsel, and refused to speak with appointed standby counsel. Although bail was set, the defendant remained incarcerated throughout the case.

The trial court ordered that the defendant be evaluated to determine her competency to stand trial. <u>See</u> RSA 135:17 (Supp. 2017). However, she refused to answer any questions or to cooperate with the evaluation. The doctor conducting the evaluation reported that he had attempted to evaluate the defendant previously, in 2011, at which time she was "quite staunch in her refusal to cooperate, answer questions, and participate in the evaluation." In 2011, he had concluded that she was likely "suffering from some form of mental illness, possibly a psychotic disorder, with some paranoid and delusional ideation." However, he was not able to offer any definitive diagnosis or an opinion regarding her competency.

Regarding the current evaluation, the doctor reported that, "based upon [the defendant's] refusal to participate in the current competency evaluation, [he was] not able to offer any definitive opinion presently as to her competency to stand trial or any definitive diagnosis as to possible mental illness." He described the defendant as someone who "presented in a well-spoken, articulate, and serious manner[,] . . . appeared neat and clean[,] . . . demonstrated good eye contact and had an overall articulate, intelligent, and business-like demeanor." However, he "strongly suspect[ed] that [she] has a mental illness."

The trial court held three status conferences, all of which the defendant refused to attend. Following the last conference, it ordered the charge against her dismissed, with prejudice. The trial court noted that it had never observed the defendant, but had "not taken the step of physically forcing her to appear in court, believing it [would] only exacerbate further her paranoia and hostility." It stated that it did "not have adequate evidence to conclude that [the defendant] is competent to stand trial, or that she is not competent as a result of a mental illness."

In response to the State's motion for reconsideration, the trial court stated that, although the State offered to accept a plea of guilty and time served, the court "had no basis to find a plea to be the product of a knowing, intelligent and voluntary waiver of her rights." It concluded that "[b]ecause [the defendant] had been in custody for nearly a year, [dismissing the charge] was effectively the equivalent of a 'time served' disposition." The State appealed.

A criminal defendant has a constitutional right not to be tried if she is legally incompetent. State v. Decato, 165 N.H. 294, 296 (2013). The State bears the burden to prove, by a preponderance of the evidence, that a defendant is competent to stand trial. Id. at 296-97. Competency to stand trial is a legal, and not a medical, concept. State v. Bertrand, 123 N.H. 719, 726 (1983).

Generally, we defer to the trial court's decision regarding the need for a competency hearing. State v. Kincaid, 158 N.H. 90, 93 (2008). However, whenever a trial court orders a criminal defendant to undergo a psychiatric evaluation to determine competency, such an order reflects the existence of a bona fide doubt as to the defendant's competency. Bertrand, 123 N.H. at 728. Consequently, in such cases, an evidentiary hearing must follow at which the defendant is entitled to present evidence and cross-examine witnesses. Id. The trial court must make specific findings of fact on the record and must identify the evidence on which it bases its decision, thereby enabling adequate appellate review. Id. The trial court may not abdicate to psychiatrists its judicial responsibility to determine a defendant's competency. State v. Haycock, 146 N.H. 5, 8 (2001).

In this case, the trial court allowed the defendant to control the proceeding and to benefit from her own intransigence. Furthermore, it deprived the State of its opportunity to carry its burden regarding the defendant's competence. The trial court had the authority to compel the defendant to attend hearings and to comply with its orders. Cf. In the Matter of Brownell & Brownell, 163 N.H. 593, 601 (2012) (describing trial court's civil contempt power). Once the defendant's competence was questioned, the trial court was required to hold a hearing, see Bertrand, 123 N.H. at 728, determine the defendant's competence, see RSA 135:17-a (2015) (authorizing trial court to determine competency), and make specific findings of fact, see Bertrand, 123 N.H. at 728.

2

To the extent that the trial court justified dismissing the charge against the defendant on the basis of the length of her pretrial confinement, it erred. If the defendant was incompetent to stand trial, RSA 135:17-a, I, required the trial court to "order treatment for the restoration of competency unless it determines . . . that there is no reasonable likelihood that the defendant can be restored to competency through appropriate treatment within 12 months." By dismissing the charge against the defendant without first determining her competency, the trial court undermined the statutory scheme.

Accordingly, we vacate the trial court's order and remand for proceedings consistent with this order. In light of this order, we need not address whether the trial court erred by dismissing the charge with prejudice. But see RSA 135:17-a, I (providing that if, after hearing, trial court finds defendant is incompetent and cannot be restored to competency within 12 months, case shall be dismissed without prejudice); State v. Cotell, 143 N.H. 275, 279 (1998) (stating extreme sanction of dismissal with prejudice reserved for extraordinary circumstances when government's misconduct has prejudiced defendant).

Vacated and remanded.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.


**Eileen Fox,**
**Clerk**