State *v.* Shaw.

## STATE *v.* SHAW.

Upon the trial of an indictment for selling intoxicating liquor under the act of July 14, 1855, it is not incumbent upon the government to prove the negative averment contained in it, that the respondent was not an agent appointed under the provisions of the act for the purchase and sale of such liquor.

The authority of such agent is limited to sales made within the city or town for which he is appointed. It is, therefore, unnecessary that the indictment should negative the fact that he was agent for any other city or town than that in which the sale is alleged to have been made.

It is no ground for a motion in arrest of judgment in such case, that the indictment does not charge the offence to have been committed within the county where the indictment was found, in any more direct form than by describing the respondent as "of the city of Concord, in said county," and averring that the sale was made at said Concord — that being a city within the county.

It is unnecessary in the indictment to negative the exceptions contained in the act, of sales of domestic wine or cider, of liquors imported, when sold in the original cask or package, and of sales by one agent to another; they not being contained in the enacting clause.

INDICTMENT, for selling intoxicating liquor, in violation of the provisions of the act of July 14, 1855, entitled " an act for the suppression of intemperance." The indictment contains two counts. In the first it is alleged that the defendant, " Clinton D. Shaw, of the city of Concord, in said county, yeoman, at said city of Concord, on, &c., not being then and there an agent for said

city for the purchase of spirituous and intoxicating liquors, and for the sale thereof within said city, did then and there sell," &c.; and it is then averred that the sale was not of domestic wine or cider, nor of imported liquor, nor made by one agent to another. In the second count the sale is alleged and the authority of the respondent negatived, as in the first, but without the other negative averments, excluding the alleged sale from the excepted cases specified in the act.

No evidence was offered that the respondent was not, at the time of the alleged sale, an agent for the city of Concord. The court instructed the jury that although it was necessary for the government to allege in the indictment that the respondent was not such agent, it was not necessary to prove it in order to sustain the prosecution; it being incumbent upon him, if he would rely upon his appointment as agent, to show it. The jury returned a verdict of guilty, and the respondent moves that the same be set aside and a new trial granted. He also moves in arrest of judgment upon the following grounds: 1. Because the first count does not in terms allege that the sale was made within the county. 2. Because it does not necessarily allege that any violation of the act has been committed, it not being averred that the respondent was not an agent for any city, town or place within the county. And, 3. Because the second count does not negative the exceptions contained in the act.

*George & Foster*, for the respondent, as to the first ground of the motion in arrest, cited *Rex* v. *Burridge*, 3 P. Wm's 496. As to the second ground they contended that the allegation that the offence was committed at Concord, is in law merely an allegation that it was committed within the county; proof of the offence committed in one town in the county being sufficient to maintain the indictment, though it should allege the offence to have been committed in any other town in the same county; and that, under this view, the indictment merely charges that the defendant sold *within the county*, not being an agent of one of the towns in the county; while he might have been agent of every

State *v.* Shaw.

other town in it, and cited to this point Arch. Cr. Pl. 63–5; Wh. Cr. Law 77; *Moore* v. *Commonwealth*, 6 Met. 243, and *State* v. *Abbott*, 21 N. H. 434.

As to the third ground of the motion in arrest, they cited *State* v. *Adams*, 6 N. H. 532, and *State* v. *Abbott, ub. sup.*

*Sullivan*, Attorney General, for the State.

SAWYER, J.   The negative averment in the indictment that the respondent was not, at the time of the alleged sale, an agent for the sale of spirituous liquors in the city of Concord, under the provisions of the act on which the indictment is founded, is precisely of the same nature as that required in indictments under the former acts, known as the license laws; that the respondent was not licensed to sell; and it has uniformly been held that the allegation in these indictments of the want of a license, is one which the government are not bound to prove.   If the license exists it is matter of defence, and the averment of the want of it is presumed to be true, unless disproved.   *State* v. *Foster*, 23 N. H. 348.

The proper proof of the appointment of an agent under the present act, like that of the granting of a license under the former, is the documentary evidence in his own hands—the mere production of which at once establishes the fact, and furnishes a complete defence.   To subject the government to the inconvenience of producing the town or city records, or any other *primâ facie* evidence in support of the negative averment, can be attended with no possible advantage to the respondent, whether he holds the appointment of agent or not.   His rights are equally protected when the law presumes against him, in the first instance, that he has not received the appointment unless he produces it, as when that presumption is deferred until the government have introduced some proof of a negative character, and it is then raised against him upon the *primâ facie* evidence offered upon the point.   The instructions to the jury were correct, and the motion for a new trial must be denied.

State *v.* Shaw.

The motion in arrest of judgment, upon the several grounds presented, must also be denied.

The first ground taken is, that the first count does not allege that the offence was committed in the county of Merrimack. The allegation is that the respondent, described as of the city of Concord, in said county of Merrimack, at the city of Concord aforesaid, on, &c., did then and there sell. The city of Concord, by the act establishing and defining the boundaries of the county of Merrimack, lies wholly within that county. Of this the court judicially take notice. The territorial limits of the city are established in like manner by law. Wherever those limits may be, the act defining the county declares that Concord shall be, and is a part of and included within it. The allegation of the indictment being that the sale was made at Concord, and this being by law wholly within the county, is sufficient after verdict. In the case of *Rex* v. *Burridge,* cited by the counsel for the respondent, upon this point, the offence was charged to have been committed at Ivelchester, without alleging it to be within the county of Somerset, where the indictment was found. The court there say they can not take notice that the whole of the township or vill of Ivelchester is within the county of Somerset, and upon that ground the judgment was arrested.

The second ground of the motion in arrest, that the first count does not necessarily allege any offence, is not well taken. The count charges that the respondent sold at Concord, he not being an agent for that city. It is contended that this is in law merely an allegation that he sold some where in the county; and consequently, it not being averred that he was not an agent for any town or place in the county, the allegations of the court may all be true, and still the respondent not guilty of any offence. To allege that the offence was committed at a particular place, when the place is unimportant, as being no part of the description of the offence, but as serving only to fix the venue, may properly enough be considered as alleging that the offence was committed some where within the county. In such case the allegation is sustained by proof that the acts constituting the gravamen of the

offence charged were done at any place within the county. But it is otherwise when, from the nature of the charge, the place is descriptive of the offence alleged. All descriptive averments must be proved as laid. If the criminal character of the act depends upon the locality in which it was committed, the allegation of place becomes material. It does not, then, merely determine the venue, but furnishes an essential feature in the description of the offence, and proof of similar acts committed elsewhere would not sustain the indictment.

The authority of an agent appointed under the act for the purchase and sale of liquors is local. The express provision of the statute is, that he shall be appointed for the purchase and sale within the city, town, or place for which he is appointed. The selling by the respondent at Concord may then be in violation of the law, and expose him to its penalties, while a sale by him of the same liquor, to the same purchaser and for the same price, at Henniker, or Loudon, may constitute no offence, as the respondent may be an agent for those towns and not for Concord. Upon the allegations of this indictment, substituting any other town in the county for Concord, as the place where the sale was made, it is clear no offence would be charged, for the indictment would then set forth that the defendant, not being agent for Concord, sold in some other town in the county. The offence created by the act is the selling in a city or town without being agent for the city or town where the sale is made. Having this local character, in order to describe the offence the indictment must set out truly the city or town within which the sale was made, and negative the agency for that place. And the proof must sustain the allegation as to the place of the sale. Whether or not the respondent was agent for any other town is immaterial, and consequently unnecessary to be negatived.

The third ground of the motion in arrest, is based upon the alleged defect in the second count, that it does not negative the exceptions in the act. Sales of domestic wine and cider, in certain cases, of foreign imported liquors when sold in the original casks or packages — sales to an agent within three months after

the act took effect, and by one agent to another, are by the terms of the act excepted from its operation. But none of these exceptions are contained in the enacting clause. That clause is found in section 23, which enacts that if any person, not being an agent of some city, town, or place, &c., shall sell, he shall be punished. The exceptions referred to are engrafted upon this enactment by the provisions of other sections. They are not incorporated in the enactment, and to be read as a part of the description of the offence contained in the clause which sets forth wherein the unlawful selling shall consist; but are distinct provisions, introduced by way of proviso or exception, not constituting a part of the enacting clause. As such they need not be averred in pleading the offence. *State* v. *Fuller*, 33 N. H. 259; *State* v. *Glynn*, 34 N. H. 422; *State* v. *Wade*, 34 N. H. 495.