Sullivan
No. 82-124

### THE STATE OF NEW HAMPSHIRE

v.

### EDWARD D. BERTHIAUME

December 16, 1983

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief and orally), for the State.

*Marc B. Hathaway*, of Claremont, and *Lanea A. Witkus*, of Newport (*Mr. Hathaway* on the brief, and *Ms. Witkus* orally), for the defendant.

PER CURIAM. The defendant was a passenger in an automobile stopped by State Trooper Thomas J. Lombardi for two motor vehicle violations. After approaching the vehicle, the trooper observed a metal alligator clamp on a leather thong, often known as a "roach clip," worn around the driver's neck apparently as an item of

jewelry. He then ordered the driver to hand over the clip, where-upon the driver handed over two clips—the one observed and another suspended from the rear view mirror of the automobile. The trooper seized the two clips and then ordered the three occupants out of the automobile. A subsequent search of the occupants and the passenger compartment of the vehicle led to the discovery of a contraband drug.

The defendant was indicted for the unauthorized possession of a controlled drug with intent to sell. RSA 318-B:2, I (Supp. 1981). Prior to his trial, he filed a motion to suppress evidence seized during the search, claiming that the officer did not have probable cause to conduct the warrantless search. The motion was denied. Following the admission of the challenged evidence, the defendant was convicted as charged. He now appeals. Because we hold that the Trial Court (*Johnson*, J.) erred in denying the defendant's motion to suppress, and therefore reverse the conviction, we do not address the other arguments raised by the defendant.

The State argues that a police officer who legitimately stops an automobile, and has probable cause to believe that the vehicle contains contraband, may conduct a warrantless search of the vehicle. The defendant argues, however, that the warrantless search of the vehicle and its occupants, in the case at bar, was illegal under the Federal and New Hampshire Constitutions, U.S. CONST. amend. IV, N.H. CONST. pt. I, art. 19, because it was not based upon probable cause. He argues that the mere observation of the two clips did not give rise to a reasonable belief that contraband would be found on the occupants or in the automobile.

■ When a defendant, as in this case, has invoked the protections of the New Hampshire Constitution, we will first address these claims. *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983); *compare State v. Miskolczi*, 123 N.H. 626, 628, 465 A.2d 919, 920 (1983).

■ This court has recently addressed the probable cause requirement of part I, article 19 of the New Hampshire Constitution. In *State v. Ball*, *supra* at 237, 471 A.2d at 354, we held that "[p]robable cause must precede the intrusion; mere suspicion is not enough. To allow a police officer to seize an object on less than probable cause in order to further investigate whether it is contraband violates the defendant's protection against unreasonable search and seizure provided in part I, article 19."

■■ The mere *possession* of an item of drug paraphernalia, without an intent to deliver, is not a crime. *See* RSA 318-B:2, II

(Supp. 1981). The simple observation on a person or in an automobile of an object, which may be used as an item of drug paraphernalia, in the absence of additional corroborating facts, does not create a reasonable belief, based on probable cause, that contraband will be found on that person or in that automobile at that time. *See State v. Ball*, 124 N.H. at 236–37, 471 A.2d at 354 (observation of hand-rolled cigarette, without additional corroborating facts, did not establish probable cause).

■■ To allow a law enforcement officer to act on less than probable cause and to conduct a search in an attempt to find something incriminating violates the defendant's protection against unreasonable search and seizure provided in part I, article 19. Probable cause must, when challenged after a search, be shown to have existed before the search commenced. *State v. Beede*, 119 N.H. 620, 626, 406 A.2d 125, 130 (1979), *cert. denied*, 445 U.S. 967 (1980) (construing N.H. CONST. pt. I, art. 19).

■ The warrantless search of the occupants and the vehicle in this instance was not supported by probable cause and therefore did not fit within a recognized exception to the warrant requirement.

*Reversed and remanded.*

SOUTER, J., did not sit.