Hillsborough
No. 86-191

THE STATE OF NEW HAMPSHIRE

v.

CHRISTOPHER MAGUIRE

March 6, 1987

*Stephen E. Merrill,* attorney general (*Kathleen A. McGuire,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

JOHNSON, J. The defendant appeals his conviction of possession of a narcotic drug, RSA 318-B:26. He argues that the Trial Court (*C. Flynn*, J.) erred (1) in failing to dismiss the indictment because it was constitutionally insufficient to inform the defendant of the factual basis of the charge against him, and (2) in failing to suppress the evidence seized by the police in a warrantless search. We find no error and affirm.

On September 6, 1985, Officer Daniel Guerin of the Manchester Police Department was on duty at a nightclub in Manchester known as the Casbah. Officer Guerin's duties that evening included checking patrons for identification at the door. The testimony at the suppression hearing indicated that the establishment had a reputation among the Manchester police as one in which there was heavy drinking as well as the sale and use of controlled drugs.

At approximately 10:40 p.m. that evening, Officer Guerin attempted to enter the men's room but found that the door was blocked from the inside. The officer pushed hard against the door and gained entry. While doing so he observed that the door had been blocked by an individual leaning against the door. Once inside, the officer observed four people, one of whom was the defendant, who was six or seven feet away from the door. The defendant appeared "shocked, startled" by the officer's sudden entrance. He also appeared extremely intoxicated. He was holding an amber plastic vial in one hand and currency in the other hand. Shortly after recovering from his initial shock, the defendant jammed the vial into one pocket of his jacket and the currency into another.

Officer Guerin asked the defendant what was in the vial. He later testified that he thought he had come upon a drug transaction when he entered the men's room, because he was familiar with the use of small vials of the size he observed as containers for drugs. Receiving no response to his question, the officer then removed the vial from the defendant's pocket and observed within it a white crystalline powder which he believed was cocaine and which, in fact, proved to be cocaine. The defendant was then arrested, and incident to the arrest a further search of his person revealed a plastic baggie of green, vegetative matter and a metal scale.

The defendant moved to suppress the evidence on the ground that it was the product of an unreasonable search and seizure. The trial court denied the motion on the grounds that the search was permissible under the plain view doctrine and that there were exigent circumstances for the seizure. The defendant objected to the trial court's denial of the motion to suppress, and this appeal followed.

The threshold question we must first address is whether the defendant properly raised his State constitutional issue below and

whether he adequately briefed the issue on appeal. *State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986); *see State v. Bradberry*, 129 N.H. 68, 522 A.2d 1380 (1986).

■ The defendant's motion made at the trial court level, to suppress evidence obtained from the initial search, specifically noted part I, article 19 of the State Constitution; and his accompanying memorandum of law cited *State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983) and *State v. Berthiaume*, 124 N.H. 264, 470 A.2d 893 (1983), both of which dealt with warrantless searches and were decided on State constitutional grounds. The defendant's requests for findings of fact included references to the State Constitution and the two State cases noted above. The defendant's notice of appeal cites the State Constitution as well as *Ball* and *Berthiaume*, and the defendant's brief cites *Ball* and *State v. Cote*, 126 N.H. 514, 493 A.2d 1170 (1985) (State constitutional analysis as to specificity of indictment and the plain view exception for a warrantless search). We hold that the defendant has properly raised the State constitutional issue and that he adequately briefed the issue on appeal. Accordingly, he has met the requirements of *State v. Dellorfano supra*.

We turn first to the defendant's contention that the indictment was constitutionally insufficient because it set forth only the elements of the crime, the date, and the city of Manchester as the place of the crime, without specifically stating that the event occurred at the Casbah. The defendant relies on *State v. Stiles*, 123 N.H. 680, 465 A.2d 908 (1983). That case mandates that the indictment for theft by unauthorized taking "describe the location or the means used by the defendant to gain unauthorized control" over the victim's property. *Id.* at 683, 465 A.2d at 910. The indictment there failed that test and was held to be constitutionally insufficient.

■ The defendant misinterprets the holding in *Stiles*. Our earlier law makes it abundantly clear that unless the exact location of a criminal event is a "necessary part of the description of the offence" there is no need to allege it in the indictment. *State v. Kelley*, 66 N.H. 577, 578, 29 A. 843, 844 (1891). "If the criminal character of the act depends upon the locality in which it was committed, the allegation of place becomes material." *State v. Shaw*, 35 N.H. 217, 221 (1857). Certain crimes such as unauthorized taking from a particular victim, RSA 637:3, criminal trespass, RSA 635:2, and arson, RSA 634:1, may well require the State to specify the exact place of the crime so that the defendant will be adequately advised of the offense against which he or she must defend. However, where as here the defendant is charged with possession of a controlled drug,

cocaine, the State properly puts the defendant on notice of the offense against which he or she must defend by setting forth the date and city where the alleged offense occurred. If for some reason, not apparent from this record, the defendant believed there was a need for specificity, he or she has the right to file a motion for a bill of particulars. The defendant in this case failed to do so. We find the indictment was constitutionally sufficient to apprise the defendant of the place of the alleged crime.

 We next turn to the defendant's claim that the police officer's search and seizure of the vial containing cocaine violated his rights under the United States Constitution and the New Hampshire Constitution. The search of a suspect without a valid warrant and a warrantless seizure of evidence are *per se* invalid under both constitutions unless the search and seizure come under a recognized exception to the warrant requirement. *State v. Jones,* 127 N.H. 515, 522, 503 A.2d 802, 807 (1985); *Mincey v. Arizona,* 437 U.S. 385, 390 (1978). The defendant argues that the trial court's finding that the search was valid under the plain view doctrine and the exigent circumstances exception was error. We disagree.

 In order to justify a search and seizure under the plain view doctrine, the police officer's conduct must meet three tests: the officer must have been lawfully in the place where he or she observed the item to be seized, the officer must have inadvertently discovered the item, and it must be immediately apparent to him or her that the item has evidentiary significance. *State v. Cote,* 126 N.H. 514, 525, 493 A.2d 1170, 1178 (1985). The first two tests were met in this case. The disputed issue is whether the vial, in plain view, was of immediately apparent evidentiary significance. We have held that this third test is met "if, at the time of the seizure, the officer has probable cause to believe that the object seized is incriminating evidence." *Id.* at 526, 493 A.2d at 1178.

> "'Probable cause to search exists if the [person] of ordinary caution would be justified in believing that what is sought will be found in the place to be searched . . . and that what is sought, if not contraband or fruits or implements of a crime, will "aid in a particular apprehension or conviction."'"

*State v. Marcotte,* 123 N.H. 245, 248, 459 A.2d 278, 279–80 (1983) (quoting *State v. Doe,* 115 N.H. 682, 685, 371 A.2d 167, 169 (1975)). "In determining the existence of probable cause, courts are not bound by rigid mathematical calculations. (Citations omitted.) Rather, courts must approach the issue with a concern for the 'fac-

tual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act.'" *State v. Stevens*, 121 N.H. 287, 290, 428 A.2d 1241, 1243 (1981) (quoting *Draper v. United States*, 358 U.S. 307, 313 (1959)).

■ The probable cause that is required for a warrantless search "is at least as great as that required to support a warrant." *State v. Theodosopoulos*, 119 N.H. 573, 578, 409 A.2d 1134, 1137 (1979), *cert. denied*, 446 U.S. 983 (1980) (construing N.H. CONST. pt. I, art. 19). However, probable cause for a warrantless search is not required to be greater than that for a search pursuant to a warrant. *See generally State v. Thorp*, 116 N.H. 303, 358 A.2d 655 (1976).

The defendant argues that Officer Guerin, based on his experience, had merely a reasonable suspicion that the amber-colored vial contained drugs. The defendant thus argues that this suspicion alone would not be adequate for the search, because *State v. Ball*, 124 N.H. 226, 471 A.2d 347 (1983) states that "[p]robable cause must precede the intrusion; mere suspicion is not enough." *Id.* at 237, 471 A.2d at 354. Officer Guerin testified that before the intrusion he "wasn't sure what was in the vial at the time." However, he also testified that he had seen similar vials in the past, that he had arrested people possessing such vials, and that "they were all found to contain cocaine." Nevertheless, he had only a strong suspicion in this case that the vial contained contraband.

■ *Ball*, however, does allow for a warrantless search where the defendant makes "a furtive gesture in an attempt to conceal" the contraband. *Id.* at 236, 471 A.2d at 353. Here, the record clearly discloses such a furtive gesture. The defendant, upon seeing the officer enter the men's room, "jammed" the vial and the cash into his coat pockets in an attempt to conceal them. The officer thus acted properly in making a warrantless seizure under these circumstances. We hold that the motion to suppress was properly denied.

The defendant has further claimed that his rights were violated under the United States Constitution. *Texas v. Brown*, 460 U.S. 730 (1983), clearly permits a warrantless search under the circumstances of this case, and no further discussion is necessary of the defendant's claim of a violation of his Federal constitutional rights.

*Affirmed.*

BROCK, C.J., with whom BATCHELDER, J., joined, concurred specially; the others concurred.

BROCK, C.J., concurring specially: I agree with the result and with most of the substantive reasoning in this case. I write separately in

order to note that, with regard to the search issue, the majority's analysis follows the approach of *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983). Incongruously, however, although the majority discusses the substantive holding of *Ball*, and in fact follows its procedural dictates, *Ball's* constitutional analytical framework is never explicitly set out.

Further, the sufficiency of the indictment analysis is troubling. While the defendant cited the State Constitution on this issue below, he did not cite any of its provisions in his brief on appeal. The references by the defendant to State case law are insufficient under *State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986) to raise a State constitutional issue. As we stated therein, in order to raise a State constitutional issue, "the defendant's brief must specifically invoke a provision of the State Constitution. *State v. Reynolds*, 124 N.H. 428, 432, 471 A.2d 1172, 1173–74 (1984)[.]" Therefore, only a federal issue has been presented for our consideration. However, I agree that, as a matter of federal law, the indictment was sufficient. *See United States v. Honneus*, 508 F.2d 566 (1st Cir. 1974), *cert. denied*, 421 U.S. 948 (1975).

BATCHELDER, J., joined in the special concurrence.