Strafford
No. 90-232

THE STATE OF NEW HAMPSHIRE

v.

JAMES MURRAY

August 9, 1991

*John P. Arnold,* attorney general (*Donald Feith,* assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief for the defendant.

BROCK, C.J.  The defendant, James Murray, appeals his conviction of possession of a controlled substance, RSA 318-B:26, arguing that the Superior Court (*Nadeau,* J.) erred in denying his motion to suppress on the ground that the seizure of the evidence was not supported by the plain view exception to the warrant requirement. For the following reasons, we affirm.

In March 1989, Officers Ducharme and Pantanella of the Rollinsford Police Department conducted a search of the defendant's apartment pursuant to a warrant authorizing a search for various items of stolen moving equipment. A number of items identified in the warrant were found. While using a desk in the apartment to compile an inventory of the seized items, Officer Ducharme saw a small clear plastic package, approximately one inch by one inch in size, containing white powder sitting on the top of the desk. The two officers consulted and decided that the package should be seized as evidence of a possible controlled substance. The substance was later analyzed and found to be cocaine.

The defendant filed two pretrial motions to suppress the evidence, alleging violations of part I, article 19 of the State Constitution, and the trial court denied both motions. Following a jury trial, the defendant was convicted of receiving stolen property, RSA 637:7, and possession of a controlled substance, RSA 318-B:26 (Supp. 1990). The defendant brought this appeal, claiming that it was error to deny one of the motions because the seizure of the controlled substance was not authorized by the warrant and not legitimized by any exception to the warrant requirement.

With respect to his claim that the seizure was unauthorized, the defendant asserts that the seizure of the cocaine does not fall within

the plain view exception to the warrant requirement, because the incriminating nature of the packet of cocaine was not immediately apparent to the police officer. In his brief, he argues that the seizure violates the fourth and fourteenth amendments to the United States Constitution and part I, article 19 of the State Constitution. We do not reach the defendant's federal constitutional claim, however, as it was not raised at trial and has, therefore, not been preserved for appeal. *State v. Stearns*, 130 N.H. 475, 486, 547 A.2d 672, 678 (1988). We consider the defendant's claim under the State Constitution, *see State v. Dellorfano*, 128 N.H. 628, 632, 517 A.2d 1163, 1166 (1986), using federal case law only for guidance in our analysis, *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983).

The State claims that the seizure was proper under the "plain view" exception to the warrant requirement. *See State v. Ball*, 124 N.H. 226, 234, 471 A.2d 347, 352 (1983). We have held under our State Constitution that there are three criteria that the State must prove by a preponderance of the evidence for justifying a seizure under this exception: "(1) The initial intrusion which afforded the view must have been lawful; (2) the discovery of the evidence must have been inadvertent; and (3) the incriminating nature of the evidence must have been immediately apparent." *Id.* (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 466 (1971)); *State v. Slade*, 116 N.H. 436, 438, 362 A.2d 194, 196 (1976). *But cf. Horton v. California*, 110 S. Ct. 2301, 2308 (1990) (eliminating necessity for inadvertent discovery under the plain view exception). "The purpose of the 'immediately apparent' requirement is to prevent 'general, exploratory rummaging in a person's belongings.'" *Arizona v. Hicks*, 480 U.S. 321, 334 (1987) ((O'Connor, J.,) dissenting) (quoting *Coolidge v. New Hampshire, supra* at 467).

In the case before us, the defendant does not dispute that the first two requirements have been satisfied. The defendant's sole argument is that the incriminating nature of the evidence seized was not immediately apparent to the police officer. "Every warrantless intrusion must be justified by articulable facts which would have supported the issuance of a warrant based on probable cause." *State v. Ball supra.* "The probable cause required for warrantless search and seizure is at least as great as that required to support a warrant." *Id.* The "immediately apparent" requirement is met "'if, at the time of the seizure, the officer has probable cause to believe that the object seized is incriminating evidence.'" *State v. Maguire*, 129 N.H. 165, 169, 523 A.2d 120, 123 (1987) (quoting *State v. Cote*, 126 N.H.

514, 526, 493 A.2d 1170, 1178 (1985)). "In determining the existence of probable cause, courts are not bound by rigid mathematical calculations. Rather, courts must approach the issue with a concern for the 'factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act.'" *State v. Stevens*, 121 N.H. 287, 290, 428 A.2d 1241, 1243 (1981) (quoting *Draper v. United States*, 358 U.S. 307, 313 (1959) (citations omitted)). "[T]he expertise and experience of the law enforcement officer are relevant to the probable cause determination." *State v. Ball, supra* at 236, 471 A.2d at 353. "[I]f facts sufficient to provide probable cause to believe an object is incriminating are immediately apparent to the officer, the probable cause requirement of the plain view doctrine is met." *Id.*

The defendant argues that Officer Ducharme merely suspected, but did not have probable cause to believe, that the packet contained contraband. The defendant asserts that there was no basis for a reasonable inference by Officer Ducharme that the packet contained contraband, since the officer testified he was unaware that cocaine is commonly distributed on the street in quantities of one gram. The defendant also argues that the incriminating nature of the evidence was required to have been immediately apparent to Officer Ducharme *before* he seized the packet and carried it over to Officer Pantanella to obtain his opinion on whether they should seize it.

■ Upon our review of the record, we conclude that there was sufficient evidence to support the trial court's finding that Officer Ducharme had probable cause to seize the packet containing cocaine. *See State v. Jones*, 131 N.H. 726, 728, 560 A.2d 1159, 1160 (1989). Officer Ducharme's professional training and his experience with drug investigations led him reasonably to believe that the packet contained contraband. His training at the police academy included instruction on the identification of drugs through their appearance, smell, and packaging. Officer Ducharme also had experience in investigating several incidents involving drugs, including cocaine, and was knowledgeable about the various forms of cocaine packaging. The record reflects that he believed that the packet contained contraband of one form or another. Officer Ducharme was questioned during direct examination as to his behavior upon seeing the packet. He stated: "I picked it up, I looked at it, I brought it to Lieutenant Pantanella's attention . . . [t]hinking that it may possibly be a contraband type substance." It is reasonable to conclude that not only a police officer, trained in drug-related law enforcement, but also a

prudent person observing such a packet, would infer that it contained contraband. *See State v. Stevens supra*; *State v. Ball*, 124 N.H. at 236, 471 A.2d at 353.

Because we conclude that there was sufficient evidence to support the trial court's finding that Officer Ducharme had probable cause, the court having found that "from the officer's experience and observation, it was readily apparent to him that the item was incriminating," we hold that the trial court did not err in denying the defendant's motion to suppress. Accordingly, we affirm.

*Affirmed.*

All concurred.