# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0082, <u>State of New Hampshire v. Cody Gunseth</u>, the court on June 29, 2023, issued the following order:**

The court has reviewed the written arguments, oral arguments, and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Cody Gunseth, appeals his conviction following a jury trial in Superior Court (<u>Delker</u>, J.) on one felony count of possession of cocaine.  <u>See</u> RSA 318-B:2, I (Supp. 2022).  He argues that the trial court erred by denying his motion to dismiss because: (1) the evidence was insufficient to prove that he possessed any substance that was found to be cocaine; and (2) the State did not charge him with possessing any cocaine found outside a safe located inside a bedroom closet where the defendant was discovered hiding.  We affirm.

The jury could have found the following facts.  In March 2019, police officers executed a search warrant at the rented residence of the defendant's girlfriend, Megan.  Although the property owner rented the residence only to Megan, the search warrant targeted both Megan and the defendant, seeking "[e]vidence of drugs and sales of drugs."  When executing the search warrant, the police announced their presence and Megan answered the door.  After initial questioning, she informed the police that the defendant was not in the home.  The officers proceeded to clear the home and in a bedroom on the second floor an officer found the defendant hiding in a closet wearing only a pair of boxers.  The officer ordered the defendant out of the closet and asked for his identification.  The defendant responded that his wallet with his identification was in a wooden box beside the bed.

The officers observed clothing and shoes scattered throughout the bedroom.  Inside the closet where the defendant had been hiding, officers discovered a SentrySafe.  The officers forcibly opened the safe and inside discovered a significant amount of controlled drugs.  Specifically, the State later alleged that the safe contained, among other things, 75 grams of a substance containing fentanyl and heroin, four orange pills of buprenorphine, and four packages, each weighing approximately three grams, of crack cocaine.  The contents of the safe also included, among other things, baggies, scales, multiple cell phones, multiple knives, a plethora of drug paraphernalia, and a piece of paper with an IOU issued to Megan.

In the bedroom, but outside the safe, officers found, among other things, drug paraphernalia, smaller quantities of alleged controlled drugs and drug residue, marijuana flowers, and $800 in cash hidden behind a picture on the wall. Additionally, in the wooden box containing the defendant's identification, officers found a Narcan device, a suspected marijuana lollipop, a pink envelope with the defendant's name containing $296 in cash, and a black earbuds case that contained a suspected drug consisting of a chunk of a small white substance.

In January 2020, a grand jury indicted the defendant on one felony count of possession of five grams or more of fentanyl with the intent to dispense, one felony count of possession of five grams or more of heroin with the intent to dispense, one felony count of possession of cocaine with the intent to dispense, and one felony count of possession of buprenorphine. Specifically, the indictment charging the defendant with possession of cocaine alleged that "on or about the [30th] day of March 2019, at Antrim in the County of Hillsborough," the defendant committed the crime of "possession of a controlled drug with intent to dispense." (Emphasis omitted.) The State charged Megan as a co-defendant, but she later absconded and remained at large when the defendant's case was tried.

At trial, the State elicited testimony from two of the officers who executed the search warrant and discovered the controlled drugs in the bedroom. During its direct examination of the officers, the State introduced photographs of, among other things, numerous small white chunky substances found in a baggie inside the safe (19-216-PR), as well as "a bag of off-white chunky material" (19-115-PR) found in the bedroom.[1] Further, the State introduced some of the contents of the wooden box, including the small white chunky substance in the black earbuds case alleged to be a controlled substance (19-117-PR), as well as photographs of the wooden box and its contents.

The State then presented the testimony of a State Laboratory analyst, qualified "as an expert in the analysis of controlled drugs," who tested some of the evidence seized in this case. As relevant here, the expert testified that 19-216-PR contained four packages "that all appeared the same." The expert then randomly selected one substance to test, which documented the presence of crack cocaine. The expert explained that she did not test all four packages pursuant to a State Laboratory policy that directed analysts not to test every suspected drug when numerous items appear similar and a test of one of the items documents the presence of a controlled substance. The expert also applied this policy to three other evidence bags in this case. Specifically, she testified that, because 19-112-PR contained a white chunky substance and testing of it documented the presence of cocaine, she did not test either 19-

---

[1] We agree with the defendant that, based upon the record submitted on appeal, we are unable to determine where in the bedroom the officers found 19-115-PR.

113-PR or 19-115-PR because they also contained a similar white chunky substance. The expert also testified that she could not comment on whether 19-117-PR contained any controlled drugs because it "didn't come into the laboratory" and was not tested.

After the State concluded its case-in-chief, the defendant moved to dismiss all of the charges. The defendant argued that the State had not met its burden of proving that he had control or authority sufficient to establish his possession over the evidence found in the safe and some of the evidence found in the bedroom. The defendant acknowledged that he likely had control over the contents of the wooden box containing his identification, but argued that the State Laboratory did not test 19-117-PR containing the white chunky substance located inside the wooden box. Therefore, he argued, the State had not met its burden of proving that the wooden box contained a controlled substance. Additionally, the defendant asserted that because the evidence was circumstantial, the State had not excluded all rational conclusions other than guilt. The State countered that the circumstantial evidence supported the defendant's constructive possession of all the items found in the bedroom. Alternatively, the State argued that, even if there was insufficient evidence to prove that the defendant had control or possession of the items in the safe, evidence concerning the other alleged contraband found in the bedroom was sufficient to support the State's charges.

The trial court denied the defendant's motion. The court found that "viewing the evidence and all reasonable inferences in the light more favorable to the State, a rational jury can conclude that the [d]efendant exercised control over the drugs, including the drugs in the safe." The court relied upon evidence supporting the defendant's cohabitation in the bedroom, his consciousness of guilt in hiding from the police, and much of the evidence in plain sight, as supporting its decision that the defendant "generally had access to drugs in the house." The court further found that this evidence included the contents of the wooden box, which although not tested, appeared "very similar to other drugs that were tested and found to be controlled substances."

Thereafter, the defendant called one witness at trial, the owner of the property, who testified that he leased the property only to Megan and he did not know the defendant. After the defendant rested his case, he renewed his motion to dismiss, which the trial court denied. At the conclusion of the two-day trial, the jury found the defendant guilty on one lesser-included offense of possession of cocaine. This appeal followed.

On appeal, the defendant first argues that the trial court erred by denying his motion to dismiss because the evidence was insufficient to convict him. He "concedes that the evidence was sufficient to prove that he possessed the contents of the wooden box containing his identification," but asserts that the evidence was insufficient to establish, beyond a reasonable doubt, that the

3

"small chunk of a white substance" found inside the wooden box was cocaine. We disagree.

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime, beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. State v. Norman, 171 N.H. 103, 112 (2018). The trier of fact may draw reasonable inferences from facts proved as well as from facts found as the result of other inferences, provided they can be reasonably drawn therefrom. State v. Saintil-Brown, 172 N.H. 110, 117 (2019). We examine each evidentiary item in the context of all the evidence, and not in isolation. Id. Because the defendant chose to present a case, we review the entire trial record to determine the sufficiency of the evidence. Id. On appeal, the defendant bears the burden of proving that the evidence was insufficient to prove guilt. Id.

When, as in this case, the evidence to prove one of the elements of the crime is solely circumstantial, the defendant must establish that the evidence fails to exclude all reasonable conclusions except guilt. Id. The proper analysis is not whether the evidence excludes every possible conclusion consistent with innocence, but whether it has excluded all reasonable conclusions other than guilt. Id. We do not determine whether the defendant has suggested another possible hypothesis that could explain the events in an exculpatory fashion. State v. Roy, 167 N.H. 276, 292 (2015). Rather, we evaluate the evidence in the light most favorable to the State and determine whether the alternative hypothesis is sufficiently reasonable that a rational trier of fact could not have found proof of guilt beyond a reasonable doubt. Id. "[W]here solely circumstantial evidence is at issue, the critical question is whether, even assuming all credibility resolutions in favor of the State, the inferential chain of circumstances is of sufficient strength that guilt is the sole rational conclusion." State v. Ruiz, 170 N.H. 553, 569 (2018) (quotation and emphasis omitted). Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo. State v. Cable, 168 N.H. 673, 677 (2016).

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the State, we conclude that it was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, that the "small chunk of a white substance" found inside the wooden box was cocaine. Although the substance inside the wooden box was not tested, such testing is not required to establish that a substance is a controlled drug. See State v. Boutin, 168 N.H. 623, 628 (2016). As we explained in Boutin, "although the State must establish guilt beyond a reasonable doubt on all the essential elements of the charged offense, it may rely on circumstantial, rather than direct, evidence," and there is "no reason why this rule should not apply to proof that a

4

substance is a controlled drug." Id. (quotation and brackets omitted); see United States v. Walters, 904 F.2d 765, 770 (1st Cir. 1990) (explaining that "[p]roof based on scientific analysis or expert testimony is not required to prove the illicit nature of a substance").

Here, the evidence presented at trial included the white chunky substance found inside the safe in exhibit 19-216-PR, and the State's expert testified that testing of it had documented the presence of crack cocaine. The State also introduced 19-115-PR, which, according to the State's expert, appeared similar to the "off-white chunky material" identified as 19-112-PR. Although 19-112-PR was not admitted into evidence, the State's expert testified that she tested the substance and determined that the testing also documented the presence of cocaine. The State also admitted 19-117-PR, the "small chunk of a white substance" found inside the wooden box. We agree with the trial court that by comparing this evidence a rational jury could conclude that the "small chunk of a white substance" in the wooden box appeared "very similar to other drugs that were tested and found to be controlled substances." Therefore, we conclude that from this evidence and the reasonable inferences to be drawn therefrom, viewed in the light most favorable to the State, a rational trier of fact could have found, beyond a reasonable doubt, that the "small chunk of a white substance" was cocaine and, therefore, that the defendant was in control of and possessed cocaine.

The defendant next asserts that he could not be convicted of possession of cocaine based upon the wooden box's contents because he was charged only with possession of substances found in the safe and the box was not in the safe. As the State correctly observes, the defendant did not make this argument in the trial court. Nevertheless, the defendant argues that because the trial court ruled that the evidence was sufficient to prove that the defendant possessed the cocaine inside the safe, it would have been futile for trial counsel to argue that the defendant was not charged with possessing any cocaine outside the safe. We disagree.

We have recognized a limited exception to the preservation rule when it would have been futile for the defendant to object under the law in effect at the time of trial. State v. Brown, 138 N.H. 649, 652-53 (1994). Here, the record demonstrates that the defendant argued to the trial court that the evidence was insufficient to prove that he possessed anything found outside the safe. Contrary to the defendant's argument on appeal, nothing prevented him at that time from also arguing that he was not charged with an offense alleging that he possessed any contraband found outside the safe. Therefore, we conclude that the defendant's argument is not preserved for our review. See id.

Accordingly, we review the record for plain error. See Sup. Ct. R. 16-A; State v. Leroux, 175 N.H. 204, 207 (2022). To find plain error: (1) there must be error; (2) the error must be plain; (3) the error must affect substantial rights;

5

and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. State v. Hanes, 171 N.H. 173, 182 (2018). The plain error rule is used sparingly, however, and is limited to those circumstances in which a miscarriage of justice would otherwise result. Id. We have previously held that, unless the exact location of a criminal event is a necessary part of the description of the offense, there is no need to allege it in the indictment. State v. Maguire, 129 N.H. 165, 168 (1987). When a defendant is "charged with possession of a controlled drug, cocaine, the State properly puts the defendant on notice of the offense against which he or she must defend by setting forth the date and city where the alleged offense occurred." Id. at 168-69. If for some reason the defendant believed there was a need for greater specificity, he had the right to move for a bill of particulars. Id. at 169.

Here, the indictment specified that the defendant possessed cocaine with an intent to dispense on March 30, 2019 in the town of Antrim, New Hampshire. We recognize that the contents of the safe contained most of the contraband and quantity of controlled drugs traditionally associated with a possession with intent to dispense charge. However, "proof of intent to distribute does not require some minimum quantity as a matter of law," State v. Cartier, 133 N.H. 217, 221 (1990), and nothing in the plain language of the indictment limited the charges to just the contraband found inside the safe.

At no point did the defendant request a bill of particulars to clarify the alleged insufficiency of the indictment. At trial, the defendant did not object to the admission of any of the evidence found outside the safe. Additionally, in moving to dismiss the charges, he argued that the evidence was insufficient to establish that he possessed the controlled drug located in the wooden box, and he acknowledged that the trial court could consider whether he possessed drugs found in the apartment, but not in the safe. Consequently, the record demonstrates that, when defending against the charges at trial, the defendant understood that the indictment alleged his possession of cocaine based upon the evidence seized from the bedroom and not just the safe. We therefore conclude that the defendant has failed to establish any error with respect to the sufficiency of the State's indictment. See Leroux, 175 N.H. at 209 (concluding that the complaint was not prejudicial because "the record does not support a finding that the complaint limited the defendant's ability to prepare for trial"). Accordingly, we affirm the defendant's conviction. Any

6

issues that the defendant raised in his notice of appeal, but did not brief, are deemed waived.  State v. Bazinet, 170 N.H. 680, 688 (2018).

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

7