# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0008, <u>State of New Hampshire v. William Argie</u>, the court on February 11, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, William Argie, appeals his conviction for first-degree murder. <u>See</u> RSA 630:1-a, I(a) (2016). The defendant argues that the Superior Court (<u>Wageling</u>, J.) improperly admitted prior bad act evidence under New Hampshire Rule of Evidence 404(b), and deprived him of due process in violation of the State and Federal Constitutions when it denied his request for an evidentiary hearing on the admissibility of the Rule 404(b) evidence. We conclude that the defendant failed to preserve his due process argument for our review and that the trial court's admission of the prior bad act evidence did not violate Rule 404(b). Accordingly, we affirm.[1]

The following facts are supported by the record or are undisputed. At the time of the victim's death, the defendant and the victim were married and had two minor children together. The defendant had a gambling habit and was unable to maintain stable employment, which put a significant financial strain on the family. The defendant had gambling debts, had exhausted his personal bank account, and had stated to family and friends that he was considering filing for bankruptcy. The defendant was the sole beneficiary of the victim's $400,000 life insurance policy. The defendant knew that the victim was planning to divorce him, take custody of their children, sell the family home, and move in with his mother. On or about April 4, 2019, the victim was murdered. The police apprehended the defendant on April 5, 2019 while he was gambling at a casino in Connecticut.

After the victim's death, one of the defendant's gambling associates (the associate) contacted the police. The associate told the police that the defendant and the associate had known each other socially for several years prior to the victim's death and would occasionally travel to casinos together. The associate informed the police that in February 2019 — less than two

---

[1] Although the defendant appended the sentencing decisions for both his first-degree murder and falsification of physical evidence convictions to his notice of appeal, the defendant does not raise any arguments related to his conviction for falsification of physical evidence in his brief and, therefore, we deem this issue waived. <u>See</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

months before the victim's death — he met the defendant at a restaurant where the defendant told the associate of the victim's life insurance policy and offered the associate a portion of the life insurance proceeds if he helped the defendant kill the victim or found a hitman to kill her.

In December 2019, a grand jury indicted the defendant for first-degree murder and falsifying physical evidence. See RSA 630:1-a, I(a) (purposeful first-degree murder); RSA 641:6, I (2016) (falsifying physical evidence). Because the defendant's solicitation of the associate occurred in a different county than the victim's murder, the State did not file charges related to the defendant's murder solicitation.

Prior to trial, the State filed a motion in limine to admit evidence regarding the defendant's solicitation of the associate for the victim's murder. The trial court held a non-evidentiary pretrial hearing on the motion during which the State argued that the evidence of solicitation was admissible under Rule 404(b). It sought to introduce the testimony to show the defendant's "motive and intent to harm the victim, and . . . his identity as the person who murdered her." The defense argued that the evidence was inadmissible because it did not satisfy the requirements of Rule 404(b). The trial court granted the State's motion, and the associate testified about the solicitation at trial without further objection.

Following trial, the jury found the defendant guilty of purposeful first-degree murder and falsifying physical evidence. See RSA 630:1-a, I(a); RSA 641:6, I. This appeal followed.

The defendant raises two issues on appeal: first, whether the trial court erred when it granted the State's pretrial motion to admit evidence of the uncharged murder solicitation, see N.H. R. Ev. 404(b); and second, whether the trial court deprived him of due process under the State and Federal Constitutions when it denied his request for an evidentiary hearing on the admissibility of the Rule 404(b) evidence. We begin by addressing the trial court's decision to grant the State's motion in limine.

We review the trial court's ruling for an unsustainable exercise of discretion and will reverse only if it was clearly untenable or unreasonable to the prejudice of the defendant's case. State v. Nightingale, 160 N.H. 569, 573 (2010). Because the trial court ruled before trial regarding the admissibility of the challenged evidence, we consider only the arguments and evidence presented at the pretrial hearing. See id. We so limit our review to avoid the pitfall of justifying the court's pretrial ruling upon the defendant's response at trial to the evidence. Id.

2

Rule 404(b)(1) states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

To ensure that this rule is followed, we have held that before a trial court admits "other crimes, wrongs, or acts" evidence pursuant to Rule 404(b), it generally must first determine: (1) that the evidence is relevant for a purpose other than character or disposition; (2) that there is clear proof that the defendant committed the prior act; and (3) that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant.  State v. Roy, 167 N.H. 276, 287 (2015).  The State bore the burden of demonstrating the admissibility of the prior bad act evidence.  See State v. Ericson, 159 N.H. 379, 388 (2009).

On appeal, the defendant does not challenge the relevancy of the prior bad act evidence.  Rather, he asserts that there was not clear proof that he committed the prior bad act and that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

We begin with the defendant's clear proof argument.  Rule 404(b) requires "clear proof, meaning that there is sufficient evidence to support a finding by the fact-finder that the other crimes, wrongs or acts occurred and that the person committed them."  N.H. R. Ev. 404(b)(2)(B) (emphases added).  Whether there was clear proof of the solicitation for purposes of Rule 404(b) is a preliminary determination concerning the admissibility of evidence, and the trial court is not bound by the rules of evidence in making this determination.  See Ericson, 159 N.H. at 388; see also N.H. R. Ev. 104(a).

The defendant raises two overarching arguments as to why the clear proof standard was not met: first, that our prior "decisions indicate that 'clear proof' requires more than uncorroborated and unsworn statements from a single witness with a motive to lie"; and second, that the trial court failed to adequately assess the reliability of the proffered evidence.[2]  We disagree.

---

[2] The defendant relies on State v. Michaud, 135 N.H. 723 (1992), to support his clear proof argument.  The defendant's reliance on Michaud, however, is misplaced.  In Michaud we concluded that there was not clear proof that the defendant, rather than another person, had committed the prior bad act.  See Michaud, 135 N.H. at 728.  By contrast, here, the defendant has not claimed that the State insufficiently established his identity as the person who solicited the associate.  Rather, he argues that there was insufficient evidence that the solicitation occurred.  Additionally, in Michaud all of the evidence that the defendant committed the prior bad act was circumstantial, id. at 726, whereas here the associate's "eyewitness" statement was before the trial

3

Corroboration is not required to satisfy the Rule 404(b) clear proof requirement.  See, e.g., United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001) ("[T]he uncorroborated word of an accomplice provides a sufficient basis for concluding that the defendant committed extrinsic acts admissible under Rule 404(b)." (quotation and ellipsis omitted)).  Even if corroboration were required, here there was evidence that corroborated the associate's statement and provided sufficient indicia of reliability.  To establish clear proof, the State presented a detailed description of the solicitation in its motion in limine, a screenshot of text messages between the defendant and the associate that supported the associate's statement that he and the defendant met during the relevant time period, and a transcript of a statement given to the police by a third party to whom the associate described the defendant's solicitation.

Nor did the State's evidence lack reliability.  As we have observed, it is for the jury to ultimately determine credibility and to decide what weight should be given to the evidence.  See State v. Torrence, 134 N.H. 24, 27 (1991).  The trial court also had ample opportunity to evaluate the parties' arguments regarding the associate's reliability and motive to lie.  In addition to the corroborating evidence referenced above, the trial court had before it a transcript of the associate's statement to the police and a police sergeant's narrative regarding the associate's statement.  These documents contained details of the encounter as well as the associate's relationship with the defendant.  At the pretrial hearing, the defendant argued that the associate should not be allowed to testify because the defendant owed the associate money, which gave the associate a motive to lie.  The trial court considered this argument and rejected it, reasoning that the associate's "chances of recouping the outstanding debt would become lower if [the] Defendant is convicted."  Accordingly, we conclude that the record contains evidence with sufficient indicia of reliability to provide an objective basis for the trial court's decision.  Therefore, the trial court did not unsustainably exercise its discretion when it determined that the evidence the State presented constituted clear proof that the defendant committed the prior bad act of solicitation.

We next address whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice to the defendant.  See State v. Howe, 159 N.H. 366, 377 (2009).  Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, or provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision upon something other than the established propositions in the case.  Id. at 377-78.  "It is not, however, evidence that is merely detrimental to the defendant because it tends to prove his guilt."  Id. at 378 (quotation omitted).  Among the factors that we consider in weighing the evidence are: (1) whether the evidence would have a great emotional impact upon a jury; (2) its potential for appealing to a juror's

_____

court at the time it made its clear proof determination.

4

sense of resentment or outrage; and (3) the extent to which the issue upon which it is offered is established by other evidence, stipulation or inference. Id. We accord considerable deference to the trial court's determination in balancing prejudice and probative worth under Rule 404(b). Id.

First, we consider the probative value of the evidence. Id. Determining the probative value of evidence entails analyzing how relevant it is. Id. Relevant evidence may have limited probative value. Id. Here, the trial court determined that the evidence of the murder solicitation was highly probative of the defendant's intent. The defendant argues that the trial court's determination was error. He asserts that the probative value of the associate's testimony regarding the solicitation was weak because mens rea and motive could have been established through the testimony of other witnesses, it is unclear whether the defendant had the same intent on the occasions of the charged and uncharged acts, and the fact that the defendant was "soliciting someone else to commit murder has no bearing on" the defendant's "intent to commit murder himself." We disagree.

When intent is not conceded by the defense, and it is an element of the crime to be proven by the State, it is sufficiently at issue to require evidence at trial. State v. Cassavaugh, 161 N.H. 90, 97 (2010). Here, the defendant was charged with first-degree murder, pursuant to RSA 630:1-a, I(a), and he did not stipulate to intent. Therefore, the State was required to prove that the defendant acted purposely. See RSA 630:1-a, I(a). For the purpose of RSA 630:1-a, I(a), a person acts purposely when his or her "conscious object is the death of another," and "his act or acts in furtherance of that object were deliberate and premeditated." RSA 630:1-a, II (2016). Rather than showing a general propensity for violence, the associate's proposed testimony that the defendant solicited him to murder the victim would be highly probative of the defendant's intent and purpose because his conduct in soliciting the associate was an affirmative step towards effectuating his expressed desire — to murder the victim in order to collect life insurance proceeds.

The defendant next argues that the trial court erred when it determined that the probative value of the evidence of solicitation was not substantially outweighed by the danger of unfair prejudice. We disagree. Particularly pertinent to determining this balance is whether the evidence is relevant to prove an issue that is actually in serious dispute. Howe, 159 N.H. at 378. Although evidence of a prior offense or bad act is always prejudicial, the prejudice is frequently outweighed by the probative value of the evidence when the defendant's knowledge or intent is a contested issue in the case. Id. As noted above, the challenged evidence was highly probative of the defendant's purposeful mens rea — which was actually in dispute and could not be established as readily by other evidence that the trial court anticipated being presented at trial. See State v. Thomas, 168 N.H. 589, 603 (2016).

5

Nor was the evidence of the defendant's solicitation so inflammatory as to substantially outweigh its highly probative nature. The evidence of solicitation of murder was not as inflammatory as the evidence that the jury would hear at trial regarding the defendant's murder of the victim by strangulation or smothering. See Howe, 159 N.H. at 378 (concluding that other bad act images were not likely to have any greater emotional impact on the jury than the charged images). Moreover, as the State argued during the pretrial hearing, the proffered testimony "would constitute just a small portion of the testimony of a single witness," and the "details of the solicitation [were] not gory or particularly malicious." Accordingly, we conclude that the trial court did not unsustainably exercise its discretion when it ruled that evidence of the defendant's attempted solicitation would be admissible at trial. See Cassavaugh, 161 N.H. at 95, 98-99 (concluding that admission of evidence of defendant's prior threat to kill victim in first-degree murder case was not so inflammatory as to substantially outweigh its probative value where defendant's intent was contested).

Finally, the defendant argues that the trial court's denial of his request for an evidentiary hearing on the admissibility of the Rule 404(b) evidence deprived him of his right to due process under the State and Federal Constitutions. See U.S. CONST. amend. XIV; N.H. CONST. pt. I, art. 15. The State argues that the defendant failed to preserve this argument for appellate review and urges us not to reach its merits.

To preserve a state constitutional claim, the defendant must: (1) raise it in the trial court; and (2) specifically invoke a provision of the State Constitution in his brief. State v. Kuchman, 168 N.H. 779, 794 (2016). Here, the defendant's assertion in his objection to the State's motion in limine that "an evidentiary hearing is appropriate in this case" is insufficient to preserve a state constitutional claim for our review. See In the Matter of Kempton & Kempton, 167 N.H. 785, 793 (2015) (concluding that respondent's "mere reference to 'due process'" was insufficient to preserve state constitutional claim for review). Similarly, we do not reach the defendant's federal constitutional claim because it was not raised by the defendant prior to the court's pretrial ruling or in a motion to reconsider. It has, therefore, not been preserved for appeal. See State v. Murray, 134 N.H. 613, 615 (1991).

In sum, we conclude that the trial court did not err when it granted the State's motion in limine to admit evidence of the defendant's murder solicitation. In addition, we conclude that the defendant failed to preserve his due process argument. The remaining issues that the defendant raised either do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993), or are waived. See Town of Londonderry v. Mesiti Dev., 168 N.H. 377, 379-80 (2015) (issues raised in notice of appeal but not briefed are waived);

6

State v. Barnes, 150 N.H. 715, 720 (2004) (inadequately developed arguments are waived).  Accordingly, we affirm.

Affirmed.

BASSETT and COUNTWAY, JJ., concurred; ABRAMSON, J., retired superior court justice, specially assigned under RSA 490:3, II, concurred.


**Timothy A. Gudas,**
**Clerk**
